SHERLOCK v. KIMMELL, *Appellant.*

1.  **Infancy** : PARENT AND CHILD : CONTRACT OF HIRING : MEASURE OF DAMAGES. If a minor son hire himself out without the knowledge of his father, the father may either adopt the contract and claim whatever is due under it, or he may repudiate it and claim the value of his son's services. In the latter event, if it appears that the employer has permitted the son to use a part of his time for his own purposes, the measure of recovery will be the value of his entire time, less the value of the privilege so accorded to him.

2.  ———— : ———— : ————. If a father hire out his minor son for an indefinite period, the employer may discharge the son at any time without notice to the father

3.  ———— : ———— : EVIDENCE. In an action by a father to recover wages due his minor son, statements made by the son are not admissible as evidence against the father.

*Appeal from Jackson Special Law and Equity Court.*—HON. R. E. COWAN, Judge.

REVERSED.

*Tomlinson & Ross* and *J. T. Dew* for appellant, cited *Kirk v. Hartman*, 63 Pa. St. 97; *Coffin v. Landis*, 46 Pa. St. 426; *Swartz v. Hazlett*, 8 Cal. 124; *Perlinau v. Phelps*, 25 Vt. 478; *N. & C. R. R. Co. v. Elliott*, 1 Cold. (Tenn.) 611;

*McCoy v. Huffman*, 8 Cow. 84; *Weeks v. Holmes*, 12 Cush. 215.

*Wm. E. Sheffield* for respondent.

HOUGH, J.—This action was originally instituted before a justice of the peace on the following account:

ABRAM KIMMELL,
   In account with JOSEPH SHERLOCK:
To amount due Victor for services in store
  from the 1st of June, 1874, to 1st of
  September, 1876, at $25 per month .    $675.00
To amount due me for services and com-
  missions .  .  .  .  .  .    62.00
To overcharge in your account .  .  .   10.00

                   $737.00
  Credit by contra account:
By music, etc., to me .  .  .  .  $ 91.06
By music, etc., to Georgiana  .  .   4.90
By cash, etc., to Victor  .  .  .  468.05  564.02

  Balance due me .  .  .  .    $172.98

The point in controversy is as to the right of the plaintiff to recover the sum claimed for the services of his son, who was a minor. It appears from the record that the defendant, by a contract with the plaintiff, engaged plaintiff's son to serve him as clerk from June 1st, 1874, at $25 per month. The plaintiff testified that the employment was for no definite period. The defendant testified that it was for one year. The plaintiff and his son both testified that the son remained in the defendant's service continuously, under the contract mentioned, from the 1st day of June, 1874, to the 1st day of September, 1876. About the expiration of a year, according to the testimony of the defendant and another witness, the defendant's property was seized under execution and his place of busi-

ness was closed, and defendant then informed plaintiff's son that he would need his services no longer. The defendant testified that his store remained closed about sixty days, when he again took plaintiff's son into his service, agreeing with him, that he would give him $15 per month, and allowing him to employ a portion of his time in giving lessons in music. A witness for the defendant testified that after defendant resumed business, plaintiff's son told him that he was getting $15 per month, and had the privilege of giving music lessons, and that he was thereby making $40 per month. This testimony was objected to on the ground that the statements of plaintiff's son were not binding upon plaintiff, as it did not appear that plaintiff had any knowledge of them.

The following instruction, asked by the plaintiff, was given by the court: "The defendant could make no new contract with the minor son of plaintiff with regard to the amount of pay he was to receive for his services without the knowledge or consent of plaintiff, which would bind plaintiff."

The following instructions, asked by the defendant, were refused: 1. "If Victor Sherlock was discharged by defendant and afterward re-employed at a different salary, the plaintiff is not entitled to recover, unless it appears that there is something due upon the new contract."

2. "Defendant was not bound to keep Sherlock, Jr., in his employ for more than the year for which he was first employed, and had a right to make a new contract with him, Sherlock, Jr., after he had discharged him." The court rendered judgment against the defendant for the full amount claimed by plaintiff.

Under the contract, as the plaintiff stated it, the defendant had an undoubted right to discharge the plaintiff's son whenever he saw fit, and under the contract, as stated by the defendant, he had a right to discharge him at the end of the year.

1. INFANCY: parent and child: contract of hiring: measure of damages-

If the defendant did discharge plaintiff's son, as he and

Sherlock v. Kimmell

one other witness testified he did, a the end of the year, such discharge, of course, terminated the contract for $25 per month, and if plaintiff's son was again employed at $15 per month, with the privilege before stated, then the plaintiff, unless he had knowledge of such contract and acquiesced in it, had his option either to adopt the contract and claim whatever was due under it, or to repudiate the contract and claim the value of his son's services. In the latter event, he would be entitled to the value of his entire time, less the value of the privilege accorded him of giving music lessons. *Huntoon v. Hazelton*, 20 N. H. 388.

The declaration of law given at the request of the plaintiff is abstractly correct, but it does not set forth any ground of recovery on the facts in evidence. It ignores the right of defendant to discharge plaintiff's son, and it seems to have been asked and given upon the theory that having made a contract with plaintiff at $25 per month, he could not terminate it without his knowledge or consent.

The two instructions asked by defendant were properly refused. The declarations of the son were inadmissible as original evidence, though they might have been used to contradict him, if the proper foundation had been laid.

The case does not seem to have been tried upon correct principles, and the judgment will be reversed and the cause remanded

There is a manifest error in the account which can be corrected on a new trial.

The other judges concur.